# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| CARGYLE BROWN SOLOMON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: PWG-13-1952 |
| SHAREESE KESS-LEWIS, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On July 18, 2013, the undersigned entered a Memorandum and Order dismissing Plaintiff's complaint against Shareese Kess-Lewis and Randolph T. Lewis, the foster parents of the minor child to which Plaintiff apparently is the biological mother, ECF No. 5. Plaintiff moves to seal the entirety of the case and its filings, ECF No. 6. For the reasons stated herein, Plaintiff's Motion to Seal shall be GRANTED IN PART and DENIED IN PART.

### I. Motion to Seal

Protection of information contained in filed documents is governed by Federal Rule of Civil Procedure 5.2 and District of Maryland Local Rule 105.11. Certain information contained in the exhibits Plaintiff moves to seal is protectable under Rule 5.2. The motion is unopposed, but that does not dispense of this Court's obligation to conduct a review under Local Rule 105.11. *See Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576 (D. Md. 2012). Loc. R. 105.11 sets the procedure and standards for requesting that documents be placed under seal. The Rule balances the public's common law right to inspect and copy judicial records and documents, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), with competing

interests that sometimes outweigh the public's right, *see In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The public's right of access to dispositive motions and the exhibits filed within is protected to an even higher standard by the First Amendment. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

Plaintiff has "proposed reasons supported by specific factual representations to justify the [requested] sealing," in accordance with Loc. R. 105.11. However, to the extent Plaintiff seeks to seal the whole docket or any information beyond that protectable under Rule 5.2, the Motion shall be DENIED because Plaintiff has failed to provide "an explanation why alternatives to sealing would not provide sufficient protection," as required under Loc. R. 105.11(b). Plaintiff failed to show why redactions, as opposed to sealing the records in their entirety, would not provide sufficient protection. *See Butler*, 876 F. Supp. at 576 ("[T]he court should consider less drastic alternatives to sealing, such as filing redacted versions of the documents").

The Court finds that sufficient protection will be provided by redacting the following information as to the involved minors under Rule 5.2(a): names (except their initials), social security numbers, taxpayer-identification numbers, and birth dates. In addition to the exhibits filed with Plaintiff's complaint and Motion for Reconsideration, Plaintiff seeks to seal the Supplemental/Reply Brief she filed in all three related cases (PWG-13-1951, PWG-13-1952, and PWG-13-1953).[1] Plaintiff appears to have properly redacted the Brief using White-Out. To protect the information regarding the minor child sufficiently, the Court has photocopied the two

---

[1] The Brief is identical in all three cases and filed as ECF No. 4 in each. It consists of one set of two volumes available in hard copy in the Clerk's Office. *See* Docket, ECF No. 4 (one set is available for all three cases). Although referenced in the table of contents, Plaintiff failed to file appendices 115 and 256 in Exhibit 16, and Appendix 130 in Exhibit 17. These three documents were available at the time of filing and were not filed.

volumes to make permanent Plaintiff's White-Out redactions. The original volumes shall be returned to Plaintiff and the photocopies retained for the record. If Plaintiff seeks redactions beyond those already redacted in these volumes, she shall file proposed redacted versions with the Court within fourteen (14) days, with a description of each additional redaction.

The Court deferred ruling for fourteen (14) days as required under Loc. R. 115 and received no objections. Unlike the similar motion filed in PWG-13-1951, this Order grants no relief beyond that requested in Plaintiff's Motion to Seal, but rather restricts the requested relief to what is afforded under Rule 5.2.

## II. Conclusion

Plaintiff's Motion to Seal shall be GRANTED IN PART and DENIED IN PART. The following sections of the record will be redacted: ECF Nos. 1-3, 1-4, and 3-1. The Clerk shall file publicly the redacted versions and keep the originals under seal. The Clerk shall file under seal photocopies of the documents filed as ECF No. 4 and return the originals to Plaintiff. If no additional redactions are proposed within fourteen (14) days, the Clerk shall unseal the photocopies of the documents originally filed as ECF No. 4.

A separate order shall issue.

Dated: <u>August 30, 2013</u>　　　　　　　　　　　　　　　　　　　　/S/　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　Paul W. Grimm
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

jwr